UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GRACE FORSYTHE,

                      Plaintiff,

          -against-                    **MEMORANDUM AND ORDER**
                                                     18 CV 03276 (ARR) (CLP)

MIDLAND FUNDING LLC, and MIDLAND
CREDIT MANAGEMENT INC.,

                      Defendants.
----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

       On June 4, 2018, plaintiff Grace Forsythe commenced this action against Midland Credit Management Inc, and Midland Funding LLC (collectively, "defendants"), alleging conversion and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (Compl.[1] ¶¶ 52, 57).

       On January 4, 2019, defendants filed a letter requesting that the Court quash plaintiff's subpoena to non-party Corporation Service Company ("CSC") to produce documents by January 18, 2019 and requesting that the Court stay CSC's compliance with the subpoena. (Defs.' Ltr.[2] at 1). According to plaintiff, CSC is defendants' registered agent, and plaintiff corresponded with the company when she sought to retrieve funds she claims were garnished by defendants. (Pl.'s Ltr.[3] at 2). Defendants explain that plaintiff served an initial subpoena on CSC in November 2018, and CSC responded. (Defs.' Ltr. at 1). Defendants argue that plaintiff has now served a second subpoena on CSC, requesting documents "relating to four totally separate and

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed June 4, 2018.
[2] Citations to "Defs.' Ltr." refer to defendants' letter, filed January 4, 2019.
[3] Citations to "Pl.'s Ltr." refer to plaintiff's letter in opposition to defendants' motion to quash, filed January 9, 2019.

1

unrelated lawsuits filed in various courts that happen to include" defendants. (Id.) Defendants argue that this information is irrelevant and would not lead to the discovery of admissible evidence. (Id. at 2 (citing Fed. R. Civ. P. 26(b)(1))). Finally, defendants argue that the subpoena as written is vague and "fails to identify the specific nature or any time period." (Id.)

On January 9, 2019, plaintiff responded to defendants' motion. (Pl.'s Ltr.[4]). Plaintiff makes the following arguments: (1) defendants do not have standing to quash the subpoena; (2) CSC has no objection to producing documents; and (3) the documents are relevant or could potentially lead to relevant evidence. (Id. at 1). With respect to the first argument, plaintiff claims that "[a] party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." (Id. at 2 (quoting Toussie v. Allstate Ins. Co., No. 14 CV 2705, 2017 WL 4773374, at *2 (E.D.N.Y. Oct. 20, 2017))). Plaintiff explains that the first subpoena to CSC resulted in the production of documents that showed that CSC sent emails to defendants which included plaintiff's letters. (Id.) She therefore seeks to discover why defendants did not open or act on these particular emails they received from CSC and explore defendants' practice of responding or failing to respond to emails from CSC. (Pl.'s Ltr. at 2, 3). In other words, plaintiff seeks to determine whether or not defendants opened emails from CSC in other cases. (Id.) She then seeks to "explore in deposition why Midland was opening emails for suits filed against Midland, but not emails about the collection suits Midland filed." (Id. at 3). Finally, plaintiff claims that these four cases are relevant because they were all filed against defendants in New York federal courts in 2015 and 2016.

Defendants filed their reply on January 14, 2019, responding to plaintiff's standing

---

[4] Citations to "Pl.'s Ltr." refer to plaintiff's opposition to defendants' motion to quash, dated January 9, 2019.

argument by asserting that they have a "legitimate privacy interest in the information sought." (Defs.' Reply[5] at 1). Moreover, they maintain that the information is irrelevant because the documents from these four unrelated cases will not demonstrate "how Defendants did or did not respond to emails from CSC in August 2017 concerning Plaintiff." (Id.) Finally, defendants argue that if plaintiff seeks information pertaining to defendants' practices with CSC, she should ask defendants directly. (Id. at 2 (citing N'Diaye v. Metro. Life Ins. Co., No. 17 CV 4260, 2018 U.S. Dist. LEXIS 78417, at *12 (S.D.N.Y. May 8, 2018))).

1. Legal Standard

A motion to quash a subpoena is "entrusted to the sound discretion of the district court." In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (quoting United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000)); Ehrlich v. Incorporated Vill. of Sea Cliff, No. 04 CV 4025, 2007 WL 1593211, at *2 (E.D.N.Y. May 31, 2007). A trial court's rulings with regard to discovery "are reversed only upon a clear showing of an abuse of discretion." Ehrlich v. Incorporated Vill. of Sea Cliff, 2007 WL 1593211, at *2 (quoting In re DG Acquisition Corp., 151 F.3d 75, 79 (2d Cir. 1998)). The party moving to quash a subpoena has the burden of establishing "that the information that is the subject of the subpoena is not discoverable." de Venustas v. Venustas Int'l, LLC, No. 07 CV 4530, 2008 WL 619028, at *2 (S.D.N.Y. Mar. 5, 2008) (citing Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996)).

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in federal court cases. Rule 26(b)(1) "authorizes discovery of any 'nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"

---

[5] Citations to "Defs.' Reply" refer to defendants' letter, filed January 14, 2019.

3

Garcia v. Benjamin Group Enterprise Inc., 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (quoting Fed. R. Civ. P. 26(b)(1)). "'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). While the scope of discovery is "broad," it is not "limitless." Fears v. Wilhelmina Model Agency, Inc., No. 02 CV 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004). Further, as specified in the amended Rule 26, discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Thus, Rule 26(b)(2)(c) requires the Court to limit the extent of discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Indeed, subpoenas under Rule 45 are not intended to provide an "end-run around the regular discovery process under Rules 26 and 34." Burns v. Bank of Am., No. 03 CV 1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007). "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45." Id. (citation omitted).

2. Standing

In response to defendants' motion to quash, plaintiff maintains that defendants lack standing to seek to quash the subpoena directed at non-party CSC. (Pl.'s Ltr. at 1-2).

"A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." United States ex rel. Ortiz v. Mount

4

Sinai Hosp., 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) (quoting Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004)); see also Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) (explaining that "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness"). When deciding whether a personal privilege or right exists, "[c]ourts should consider 'whether the information itself is private, confidential, privileged, or highly sensitive.'" Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P., No. 13 CV 1654, 2014 WL 5420225, at *4 (quoting Solow v. Conseco, Inc., No. 06 CV 5988, 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008)); see also Arias-Zeballos v. Tan, No. 06 CV 1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (finding that "individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution"); Mirkin v. Winston Res., LLC, No. 07 CV 02734, 2008 WL 4861840, at *1 (S.D.N.Y. Nov. 10, 2008) (finding plaintiff had "legitimate privacy interest in information regarding her performance at a subsequent employer and, therefore, ha[d] standing to bring her motion").

"[T]he claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoena was served." Samad Bros., Inc. v. Bokara Rug Co., No. 09 CV 5843, 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010); see also Gomez v. J.R. Hycee Conyeor Co., Inc., No. 06 CV 2827, 2008 WL 64675, at *1 (E.D.N.Y. Jan. 4, 2008) (noting that the plaintiff lacked standing to object to the subpoena at issue given the absence of any personal interest in the documents sought). "[T]he party invoking a privilege bears the burden of establishing its applicability," and the "burden is a heavy one, because privileges are neither 'lightly created nor expansively construed.'" In re Grand Jury Subpoenas Dated March 19, 2002

and August 2, 2002, 318 F.3d 379, 384 (2d Cir. 2003) (quoting United States v. Nixon, 418 U.S. 583, 710 (1974)).

Defendants claim that they have a privacy interest in the documents relating to the four cases currently in CSC's possession. (Defs.' Reply at 1). Moreover, defendants claim that plaintiff "is seeking information relating to the internal underlying workings of CSC's relationship with defendants," "such as who CSC may contact, how CSC makes contact with Defendants, etc." (Id.) Defendants' conclusory assertion of a privacy interest, without any further detail as to the nature of the privilege being asserted, is insufficient to establish that they have standing to seek to quash the subpoena for documents in CSC's possession. In Roth v. County of Nassau, the case cited by defendants, the moving party had standing to seek to quash a subpoena that sought documents pertaining to his current employment. No. 15 CV 6358, 2017 WL 75753, at *2 (E.D.N.Y. Jan. 6, 2017). Defendants do not provide any additional information on why the information sought is private or how this information is analogous to an individual's bank records or employment records. In Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc, the court found that the moving party, who was also a party to an earlier settlement agreement, did not have standing to quash a subpoena demanding production of the settlement agreement because the agreement did "not contain any sensitive financial, employment or business information which would implicate the type of personal privacy right that the exception was meant to protect." No. 12 CV 6383, 2017 WL 1133349, at *5 (E.D.N.Y. Mar. 24, 2017). Similarly, the Court has not been provided with any specific detail to show the requested documents constitute sensitive financial, employment, or business information. Accordingly, the Court finds that defendants have failed to carry their "heavy" burden of establishing privilege and therefore, do not have standing to quash the subpoena.

3. <u>Relevance</u>

Defendants claim that the documents plaintiff seeks are irrelevant to the case at bar. (Defs.' Ltr. at 2). Plaintiff responds by arguing that such information would permit her to "corroborate how Defendants did or did not respond to emails from CSC." (Pl.'s Ltr. at 3).

The Court finds that such information is relevant to the claims of plaintiff's case. In plaintiff's complaint, she outlines her efforts to contact defendants in an attempt to retrieve her money. (Compl. ¶¶ 36, 40-42). Based on the information plaintiff received from the first subpoena to CSC, she asserts that defendants received six emails from CSC regarding plaintiff's case, but defendants did not open such emails or act on them. (Pl.'s Ltr. at 2). Plaintiff further claims that these six emails belie defendants' claim that they have "'no record of receiving mail directly from Ms. Forsythe postmarked July 27, 2017.'" (<u>Id.</u> (quoting Defendants' Answer to Interrogatory # 11)). She hopes that information about the four other cases will shed light on how defendants and CSC handled communications in collections cases. (<u>Id.</u> at 3). Accordingly, the Court finds that the information may in fact be relevant and lead to the discovery of admissible evidence. The Court also finds that the request, related to only four cases, is proportional to the needs of the case and not overly burdensome to CSC.[6]

The Court therefore directs CSC to respond to the subpoena. While the Court bases this decision on the finding that defendants do not have standing to challenge the subpoena, the Court also finds that plaintiff has articulated a sufficient basis to conclude that the information may in fact lead to the discovery of admissible evidence. Given that the deadline for the subpoena is January 18, 2019, the Court assumes that plaintiff will provide additional time for CSC to

---

[6] Although defendants argue that plaintiff may request this information directly from defendants, such a statement is contradicted by their current resistance and their claims that such information is irrelevant.

7

respond to the subpoena, if necessary.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
January 17, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York